IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-127-CV-W-DW |
| | ) | |
| UNIFIED GOVERNMENT OF | ) | |
| WYANDOTTE COUNTY/KANSAS CITY, | ) | |
| KANSAS and ALL CITY | ) | |
| TOW SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Plaintiff's motion to proceed in forma pauperis (Doc. 1). For the following reasons, Plaintiff's motion is denied and this action is dismissed.

Title 28 U.S.C. § 1915(a)(1) provides that a court may "authorize the commencement . . . of any suit . . . without prepayment of fees or security therefore, by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor." The process for determining whether a plaintiff should be granted leave to proceed in forma pauperis consists of two steps. First, the Court must decide whether the plaintiff "qualifies by economic status" pursuant to 28 U.S.C. § 1915(a). See Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982). In analyzing the plaintiff's economic status, the Court is guided by Local Rule 83.7's admonition that court fees and costs shall not "cause the applicant to give up the basic necessities of life." L.R. 83.7(a)(4).

If the plaintiff qualifies by economic status, then the Court grants the application to proceed in forma pauperis, but must also immediately also decide whether the action must be dismissed because it is "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief against a party immune from such damages. See § 1915(e)(2)(B); Martin-Trigona, 691 F.2d at 857.

In this case, it appears that Plaintiff qualifies economically; however, Plaintiff's action must be dismissed. In his complaint, Plaintiff claims that All City Tow Service has towed an automobile belonging to Kenneth Dulas and refused to release it and the City of Kansas City, Kansas has failed to adequately "promote the achievements of African Americans or Native Americans living in Wyandotte County." Plaintiff has also provided an extensive history regarding his ancestors, which culminates with his claim that the Unified Government of Wyandotte County has seized printing presses belonging to D.J. Young Publishing Company. Plaintiff is seeking injunctive relief, the formation of "The New Quindaro Town"—with Plaintiff serving as the town coordinator— and damages totaling millions of dollars.

The Court finds that Plaintiff lacks standing to bring any claims regarding Kenneth Dulas' towed automobile and the remaining claims alleged are frivolous. Accordingly, it is hereby ORDERED that:

(1)  Plaintiff's motion to proceed in forma pauperis (Doc. 1) is DENIED;

(2)  This action is hereby DISMISSED without prejudice; and

(3) The Clerk of Court is directed to send a copy of this Order to Plaintiff via regular mail and certified mail, return receipt requested.

SO ORDERED.

Date : February 21, 2014          _____/s/ Dean Whipple_____
                                                       Dean Whipple
                                             United States District Judge